## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2020, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Donald R. Shuler | Curtis T. Hill, Jr. |
| Barkes, Kolbus, Rife & Shuler, LLP | Attorney General of Indiana |
| Goshen, Indiana | |
| | Catherine Brizzi |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Arthur Tucker, | July 31, 2020 |
| *Appellant-Defendant*, | Court of Appeals Case No. 20A-CR-581 |
| v. | Appeal from the Elkhart Superior Court |
| State of Indiana, | The Honorable Gretchen S. Lund, Judge |
| *Appellee-Plaintiff*. | Trial Court Cause No. 20D04-1910-F6-1354 |

**Brown, Judge.**

[1] Arthur Tucker appeals his sentence for theft as a level 6 felony. He asserts his sentence is inappropriate. We affirm.

*Facts and Procedural History*

[2] On October 2, 2019, Tucker knowingly exerted unauthorized control over merchandise from Walmart with the intention to deprive it of the use or value thereof. Although the guilty plea transcript reveals little about the nature of his offense, Tucker cites portions of the probable cause affidavit and asserts in his appellant's brief that he stole clothes and alcohol, a Walmart employee pointed toward a vehicle speeding through the parking lot, an officer stopped the vehicle and observed several bottles of alcohol in the backseat, and he answered "Theft" when asked by the officer what happened. Appellant's Brief at 6.

[3] On October 4, 2019, the State charged Tucker with theft and alleged that the offense was elevated from a class A misdemeanor to a level 6 felony based upon a prior conviction. On January 15, 2020, the court held a hearing, and Tucker pled guilty without a plea agreement.

[4] On February 12, 2020, the court held a sentencing hearing. Tucker's counsel asserted that Tucker admitted everything when he was stopped by police and that the presentence investigation report ("PSI") revealed that Tucker reported he was scared about relapsing and went to Life Treatment Center, and "they sent him away." Transcript Volume II at 18. He argued that "I think that there's enough mitigators there to justify giving him Life Treatment Center." *Id.* at 19. The prosecutor asked for a sentence of two and one-half years.

Tucker asserted that he needed treatment and wanted to become a recovery coach.

[5] The court noted that Tucker had a criminal history, was on probation in cause number 71D02-1611-F5-229 ("Cause No. 229") at the time of the offense, had violated community supervision eleven times, and had not taken advantage of the programming or alternative sanctions offered in the past. It noted that other forms of sanctions had proved to be unsuccessful in keeping him from engaging in criminal activity. The court found his acceptance of responsibility as a mitigating circumstance and noted that he was sincere in his request to receive treatment. It found that "the aggravators, taken individually or as a whole, outweigh any mitigating factors." *Id.* at 23. The court sentenced Tucker to two years and ordered that the sentence be served consecutive to his sentence under Cause No. 229. The sentencing order states that "[i]f [Tucker] is placed in DOC, [he] participate in" the Recovery While Incarcerated Program and that, "[u]pon successful completion of the clinically appropriate substance abuse treatment program as determined by IDOC, the court will consider a modification to this sentence." Appellant's Appendix Volume II at 58.

## *Discussion*

[6] The issue is whether Tucker's sentence is inappropriate in light of the nature of the offense and his character. Tucker argues that his sentence is inappropriate because his actions are typically classified as a class A misdemeanor and the offense rose to a level 6 felony only because he had a prior unrelated conviction for theft. He asserts that there was no evidence that anyone was ever in danger

or that the property taken was damaged in any way. He asserts he was honest and cooperative with the police when stopped and his actions were the result of his addiction.

[7] The State argues that Tucker stole over $200 worth of alcohol and entered a vehicle that drove quickly and erratically through a heavily populated area. It contends that the minimal damage done to the stolen property was likely the result of the expedient arrival of the officer, and that Tucker has an extensive criminal history and his guilty plea was purely pragmatic.

[8] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] Ind. Code § 35-50-2-7 provides that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year.

[10] Our review of the nature of the offense reveals that Tucker knowingly exerted unauthorized control over alcohol and clothes from Walmart with the intention to deprive it of the use or value of the property. He entered a vehicle which sped through the parking lot and answered "Theft" when stopped by an officer and asked what happened. Appellant's Brief at 6.

[11]     Our review of the character of the offender reveals that Tucker pled guilty as charged. The PSI reveals that Tucker reported he began consuming alcohol on a regular basis at the age of thirteen or fourteen, last used alcohol on the date of his arrest, and had been sober for months prior to that date. He reported using cocaine at the age of twenty-one, last used it on the date of his arrest, and had not used it for months prior to his arrest. He reported that he completed outpatient substance abuse treatment in 2005 and began substance abuse treatment during the summer of 2016 while incarcerated at the St. Joseph County Jail and the Westville Correctional Facility but did not complete the programs because he was released prior to completion. The PSI states that Tucker's probation officer "indicated her Petition to Revoke Probation cited a positive drug screen, failure to do drug screens and treatment, and failure to pay fees." Appellant's Appendix Volume II at 41.

[12]     The PSI reveals that Tucker was convicted of burglary as a class C felony in 1992; operating a motor vehicle without ever receiving a license as a class C misdemeanor and criminal conversion as a class A misdemeanor in 1994; theft as a class D felony in 1995; dealing in cocaine as a class B felony in 1996; possession of cocaine as a class C felony in 1999; trespass as a class A misdemeanor in 2001; trespass and criminal mischief in 2004; battery and trespassing in 2005; two counts of theft as class D felonies in 2006; resisting law enforcement and battery in 2007; possession of cocaine, methamphetamine, or a schedule I or II narcotic drug as a class D felony in 2008; robbery as a class C felony in 2009; panhandling as a class C misdemeanor in 2013; two counts of

resisting law enforcement as class A misdemeanors, panhandling as a class C misdemeanor, and two counts of criminal trespass as class A misdemeanors in 2014; possession of paraphernalia and attempted theft as class A misdemeanors and possession of paraphernalia as a class C misdemeanor in 2015; criminal trespass and two counts of theft as class A misdemeanors in 2016; and robbery as a level 5 felony under Cause No. 229 in 2017. The PSI reveals that Tucker was on probation in Cause No. 229 at the time of the present offense. It also indicates that Tucker has violated community supervision eleven times in the past.

[13] After due consideration and in light of his lengthy criminal history, we conclude that Tucker has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.

[14] For the foregoing reasons, we affirm Tucker's sentence.

[15] Affirmed.

Robb, J. ,and Crone, J., concur.